UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALKA F. GREENFELD,<br><br>                             Plaintiff,<br><br>         -v.-<br><br>Portfolio Recovery Associates, LLC<br><br>                             Defendants. | C.A. No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Malka F. Greenfeld (hereinafter, "Plaintiff") brings this Complaint by and through her attorneys, Stein Saks PLLC, against Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant PRA"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## **PARTIES**

7. Plaintiff is a resident of the State of New York, County of Kings, residing at 5817 21st Ave, Brooklyn, NY 11204-2006.

8. Defendant PRA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service c/o their registered agent Corporation Service Company 80 State Street, Albany, NY 12207-2543.

9. Upon information and belief, Defendant PRA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## **FACTUAL ALLEGATIONS**

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to February 4, 2020, an obligation was allegedly incurred by Plaintiff.

12. The alleged obligation arose out of a transaction involving an alleged debt incurred by Plaintiff with Capital One, N.A. in which Plaintiff used the Capital One, N.A. funds for purchases which were primarily for personal, family or household purposes.

13. The alleged Capital One, N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

14. Capital One N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

15. Defendant PRA, a debt collector and subsequent owner of the Capital One obligation, is collecting the alleged debt.

<u>*Violation – February 4, 2020 Collection Letter*</u>

16. On or about February 4, 2020, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to PRA. See Letter attached as Exhibit A.

17. The collection letter states:

> Your account has been transferred to our Litigation Department. **At this time, no attorney within the Litigation Department has personally reviewed the particular circumstances of your account.**

18. The Letter proceeds to offer three options for the Plaintiff to resolve this account and states: "Your first payment must be received NO LATER than:03/20/2020.

19. Defendant PRA's Letter advises that the account has been transferred to the Litigation Department.

20. The implication here is that this particular account is ripe for litigation, i.e. the filing of a lawsuit by the litigation department of Defendant PRA.

21. Defendant PRA is not a law firm and lacks the ability to file a lawsuit in New York.

22. Defendant PRA would need to retain local counsel in New York to initiate any lawsuit on this account.

23. Defendant's Letter then advises the Plaintiff to make her first payment to Defendant by 03/20/2020. This demand is meant to strike fear in the heart of Plaintiff in that if she does not comply by the stated date she will be sued.

24. Defendant misleads and deceives Plaintiff into the belief that a lawsuit is imminent without Plaintiff's compliance or immediate payment of the account.

25. This deception can be further illustrated by the fact that Defendant subsequently sent another letter, (hereto attached as Exhibit B) nearly a month later, once again threatening that the account has been transferred to the "Litigation Department."

26. The second Letter clearly shows that the selection of the account to a Legal Department is merely an intimidation tactic to get the Plaintiff to make immediate payment.

27. Plaintiff became fearful that if she did pay the amount demanded in the Letter she would be sued.

28. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

29. Plaintiff incorporates by reference paragraphs 1-29 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

31. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

32. Defendant violated said section by:

   a. Making a false and misleading representation in violation of but not limited to §1692e (10).

   b. by giving Plaintiff the impression that PRA is a law firm who has the ability to initiate a lawsuit.

33. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

34. Plaintiff incorporates by reference paragraphs 1-35 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

36. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

37. Defendant violated this section by

    a. Using the language of "account transfer to the Litigation Department" that legal proceedings would occur.

    b. by giving Plaintiff the impression that PRA is a law firm who has the ability to initiate a lawsuit.

38. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

39. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Malka Greenfeld from Defendant PRA as follows:

1. Awarding Plaintiff statutory damages;

2. Awarding Plaintiff actual damages;

3. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

4. Awarding pre-judgment interest and post-judgment interest; and

5. Awarding Plaintiff such other and further injunctive relief as this Court may deem just and proper.

Dated: Hackensack, New Jersey
November 16, 2020

/s/ Raphael Deutsch
By: Raphael Deutsch, Esq.
Stein Saks, PLLC
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
Attorneys for Plaintiff